UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN M. ROOHIPOUR, M.D., INC., a California corporation; and R&R SURGICAL INSTITUTE, an unincorporated association,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS, an Illinois Corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CV 21-6434 DSF (GJSx)<br><br>Order GRANTING Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 22) |

　　Defendant Health Care Services Corporation (HCSC) moves to dismiss Plaintiffs Ramin M. Roohipour, M.D., Inc. and R&R Surgical Institute's Second Amended Complaint (SAC). Dkt. 22-1 (Mot.).[1] Plaintiffs oppose. Dkt. 23 (Opp'n). The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, HCSC's Motion is GRANTED in part and DENIED in part.

---

[1] HCSC states it was erroneously sued as Blue Cross Blue Shield of Illinois. Dkt. 22-1 (Mot.) at 1. For the purposes of this Order, the Court refers to HCSC rather than BCBS when referring to the allegations in the SAC.

## I. LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Under Federal Rule of Civil Procedure 9(b), fraud claims must be pleaded with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009). "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Fraud allegations must "be specific enough to give defendants notice of the particular misconduct

so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (simplified)).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). "However, the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

## II. DISCUSSION

### A. Breach of Contract

HCSC moves to dismiss Plaintiffs' claim for breach of an oral contract by which HCSC allegedly promised Plaintiffs they would be paid at specific percentages of the "allowable rate" and that preauthorization was not required. SAC ¶ 61. "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

"To be enforceable under California law, a contract must be sufficiently definite for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 789 (9th Cir. 2012) (internal quotation marks omitted). "The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." Sateriale, 697 F.3d at 789.

The Court previously dismissed Plaintiffs' breach of oral contract claim, explaining that Plaintiffs had "failed to allege facts that, taken as true, allow the Court to infer that HCSC made a promise to Plaintiffs." Dkt. 20 (Order) at 8-9. In an apparent attempt to remedy the deficiencies in the First Amended Complaint, Plaintiffs modified the SAC to replace the word "represented" with "assured" without alleging any other specific facts. See SAC ¶¶ 15, 16, 17, 24, 25, 26, 35, 36, 41, 54, 55. Plaintiffs also now allege the maximum allowable rate is the same as the usual, customary, and reasonable (UCR) rate because, based on their experience, HCSC pays out-of-network claims at a percentage of the "allowable" amount. Plaintiffs contend this is equivalent to the UCR rate – "the amount paid for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical service." Id. ¶ 10. But Plaintiffs do not assert HCSC *promised* them it would pay at the UCR rate. Plaintiffs still have not plausibly alleged that HCSC had an oral contract with them.

It is not clear whether Plaintiffs' claim that HCSC "represented that preauthorization was not required for the proposed surgeries and that no other relevant pre-service restrictions or requirements applied," id. ¶ 62, is a claim for a separate breach, or merely supports the claim for payments of the specific amounts claimed by Plaintiffs. However, as Plaintiffs assert that "[HCSC] breached the oral agreement by failing to pay [Plaintiffs] for services rendered to PATIENTS A, B and C at the pre-service represented rates," id. ¶ 65, and the Court finds the oral agreement has not been plausibly pleaded, the Court need not resolve this issue.

The Court GRANTS HCSC's motion for breach of oral contract.

## B. Promissory Estoppel

Plaintiffs' claim for promissory estoppel is also dismissed. The elements of promissory estoppel are "(1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) the reliance is both reasonable and foreseeable; and (4) the party asserting

4

estoppel is injured by his reliance." U.S. Ecology Inc. v. State of California, 129 Cal. App. 4th 887, 901 (2005).

Because Plaintiffs have not sufficiently alleged a clear and unambiguous promise to pay any specific rate, they have not stated a claim for promissory estoppel. Moreover, even if Plaintiffs alleged facts had allowed an inference of the existence of an oral agreement between Plaintiffs and HCSC, the promise was far from "clear and unambiguous." See id. Plaintiffs allege HCSC "assured" them no preauthorization was required for the procedures, SAC ¶¶ 16, 25, 41, 55, but this does not equate to an unambiguous promise that payment to Plaintiffs could not be denied for any reason or that payment in any specific amount or on any particular basis would be made. See id. ¶ 70.

The Court GRANTS HCSC's motion as to the claim for promissory estoppel.

## C. Intentional and Negligent Misrepresentation

The Court previously granted HCSC's motion as to Plaintiffs' claims for intentional and negligent misrepresentation, finding Plaintiffs had failed to allege facts with particularity showing HCSC made a misrepresentation, such as the amount of the maximum allowable rate, whether they requested that information from HCSC, or that HCSC provided them with an inaccurate rate. Order at 10.

The elements of a claim for intentional misrepresentation are: (1) misrepresentation, including concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. Chapman v. Skype Inc., 220 Cal. App. 4th 217, 230-31 (2013). "The essential elements of a count for negligent misrepresentation are the same except that it does not require knowledge of falsity but instead requires a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true." Id. at 231. Both claims are subject to the heightened pleading requirements of Rule 9(b). Claims grounded in fraud, including misrepresentation, must be pleaded with particularity under Rule 9(b). Avakian v. Wells Fargo Bank, N.A., 827

5

F. App'x 765, 766 (9th Cir. 2020) (holding "claims for unfair business practices, intentional misrepresentation, fraud, and negligent misrepresentation are all fraud-based claims, and must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.").

Plaintiffs assert HCSC made two misrepresentations: (1) that Plaintiffs would be paid for services to Patients A and C at 60% of the UCR rate and to Patient B at 50% of the UCR rate; and (2) that there were no preauthorization or precertification requirements. SAC ¶¶ 75, 83.

Plaintiffs have failed to allege additional facts with particularity regarding the first category of alleged misrepresentations. As the Court previously explained, Plaintiffs' allegations lack key facts to support the claim that HCSC made a misrepresentation. Order at 10. As for Plaintiffs' allegations that HCSC misrepresented that the "allowable" amount would not necessarily be the same as the UCR rate, SAC ¶¶ 76 (a) and (c), Plaintiffs still do not allege that they actually asked HCSC what the maximum allowable rate would be or that HCSC provided them with a rate that was inaccurate. To the extent Plaintiffs allege HCSC concealed that the UCR rate could be overridden, id. ¶¶ 76 (b), (d), and (g), the allegations are not actionable because Plaintiffs have not alleged they relied on an assumption that the UCR rate could not be overridden. And with respect to Plaintiffs' assertion that they "dispute" HCSC's post-service appeal determination that a February 2019 facility fee claim for Patient B "exceeds the UCR rate," this does not identify any alleged misrepresentation on HCSC's part and, therefore, also fails.

Plaintiffs have alleged with particularity the second alleged misrepresentation – that there were no preauthorization or precertification requirements. In their claims for intentional and negligent misrepresentation, Plaintiffs contend, for example, that HCSC "represented pre-service that service code 43775 did not require pre-authorization." Id. ¶ 76(f). Plaintiffs allege that they spoke on the phone with a representative, who "assured" them that prior

authorization was not required for service codes 43775, 47562, or 43289, but that on denial of Plaintiffs' claim for Patient B, HCSC's response letter stated, "the service code 43775 is not covered based on our corporate medical policy criteria." Id. ¶¶ 41, 50. Plaintiffs also allege that "Defendant failed to disclose pre-service that service code 43775 was not covered." Id. ¶ 76(f).

Regardless of the merits of Plaintiffs' preauthorization claims, Plaintiffs have not plausibly alleged that HCSC intended to induce reliance, and instead simply conclude that "Defendant intended that Plaintiffs rely on the representations." See id. ¶¶ 78, 86. But Plaintiffs have not pled any reason – much less a plausible reason – for the alleged representations. Plaintiffs do not suggest why any insurance company (much less HCSC on the facts alleged here) would want to encourage healthcare providers to make a claim against its policy knowing or disregarding that the claim would not be paid. While Plaintiffs may plead intent generally, see Fed. R. Civ. P. 9(b), such allegations remain subject to the plausibility standard under Rule 8(a). Plaintiffs' bare assertions are insufficient to plausibly allege HCSC's intent to induce reliance.

The Court GRANTS HCSC's motion as to the claims for intentional and negligent misrepresentation.

### D. Unfair Competition (UCL)

The Court previously dismissed Plaintiffs' claim for unfair competition because Plaintiffs had not alleged a legislative policy, which is required under the "unfair" prong, and Plaintiffs failed to plead misrepresentation, as required for the "fraudulent" prong. Order at 12. Because Plaintiffs still fail to plead misrepresentation, they have also failed to state a claim of unfair competition under the fraudulent prong. With respect to the unfair prong, the SAC contains new allegations ostensibly regarding legislative policy, but the Court need not address those new allegations because the Court finds Plaintiffs have not plausibly alleged they have standing to sue under the unfair prong of the UCL. Defendant argues Plaintiffs do not have standing

7

under the UCL because they have not alleged whether they are competitors or consumers. Mot. at 13-14.[2] The Court agrees. Plaintiffs do not allege they are consumers of HCSC's services for purposes of individual standing, nor do they contend in their Opposition that they are in fact consumers.

Plaintiffs allege they "separately have standing to bring a representative UCL action on behalf of their patients." Opp'n at 15, citing Rosenbluth Int'l v. Superior Court, 101 Cal App. 4th 1073 (2002). But the California Supreme Court has held that representative actions under the UCL "must meet the requirements of a class action." Arias v. Superior Ct., 46 Cal. 4th 969, 980 (2009); see also In re WellPoint, Inc. Out-of-Network UCR Rates Litig., 903 F. Supp. 2d 880, 900 (C.D. Cal. 2012) (dismissing healthcare providers' UCL claim based on representative standing). Here, Plaintiffs appear to claim they "represent" their three patients. Because Plaintiffs have not alleged they are consumers, and this suit is not brought as a class action, Plaintiffs have not plausibly alleged standing under the UCL.[3]

### III. CONCLUSION

The motion to dismiss is GRANTED. Plaintiffs contend leave to amend should be granted because amendment would not be futile. Opp'n at 1. Obviously, if Plaintiffs could plead additional facts that would plausibly state a claim they should have done so during the prior three attempts. Nevertheless, the Court will grant one final opportunity to amend, if Plaintiffs can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. An amended complaint

---

[2] Defendant also asserts Plaintiffs' UCL claim should be dismissed because it is based on underlying claims that are not actionable. Mot. at 13. As the Court clearly explained in its prior Order, this argument is inapplicable because Plaintiffs did not base their UCL claim on the unlawful prong. See Order at 11 n.5.

[3] In addition, Plaintiffs specifically allege that the claims are based on their rights "as independent entities and are not derivative of the contractual or other rights of [their] patients. SAC ¶ 9.

consistent with this order must be filed and served no later than February 3, 2022.  Failure to file by that date will waive the right to do so.  The Court does not grant leave to add new defendants or new claims.  Leave to add defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.

Date: January 13, 2022

Dale S. Fischer
United States District Judge